# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JORDAN M. CORRIGAN, <br><br> Plaintiff, <br><br> v. <br><br> CREDIT MANAGEMENT, LP, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:23-cv-00058 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JORDAN M. CORRIGAN ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CREDIT MANAGEMENT, LP ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Eastern District of Texas and a substantial portion of the events or omissions giving rise to these claims occurred within the Eastern District of Texas.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 that resides in Wilsonville, Oregon.

5. Defendant is a third-party debt collector as reflected on its website,[1] collecting or attempting to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to others, using the mail and telephone, from debts from consumers across the country, including from those in the state of Oregon. Defendant is a limited partnership organized and existing under the laws of the state of Nevada with its principal place of business located at 6080 Tennyson Parkway, Suite 100, Plano, Texas 75024. Based on information and belief from prior practice and dealings with Defendant, its calls, at issue and discussed below, originated from its headquarters and not from one of its satellite offices outside the Eastern District of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject consumer debt") which Plaintiff does not owe.

8. Upon information and belief, after the subject consumer debt was in default, Defendant acquired the right to collect or attempt to collect the subject consumer debt.

9. Sometime in the year 2022, Plaintiff began receiving calls to his cellular phone number (507) XXX-8209, from Defendant, seeking collection of the subject consumer debt.

---

[1] https://www.creditmanagementonline.com

2

10. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -8209. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone number (800) 642-6806 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

12. Based on information and belief, Defendant regularly utilizes the above-referenced phone number during its debt collection activities.

13. Upon answering a call from Defendant, Plaintiff learned that Defendant was seeking to collect upon the subject consumer debt. Plaintiff further learned that Defendant was seeking to collect upon such from an individual named "Angela" that is not Plaintiff.

14. In response to one of the first calls Plaintiff received from Defendant, Plaintiff informed Defendant that it had the wrong number. Expressing his displeasure, Plaintiff accepted that Defendant would remove his number from their system as Defendant promised to him.

15. Nevertheless, in complete defiance and disregard for Plaintiff, Defendant continued to place calls to Plaintiff's cellular phone number, seeking payment for the subject consumer debt.

16. Plaintiff has informed Defendant on numerous occasions that it had the wrong number and that it was seeking to collect upon the subject consumer debt from the wrong person, but to no avail.

17. Frustrated with Defendant's conduct, Plaintiff spoke with his undersigned regarding his rights, exhausting time, money, and resources.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, aggravation, emotional distress, being the target of

unnecessary collection efforts, and a further violation of his state and federally-protected interests to be free from harassing and deceptive collection conduct – interests which were materially harmed as a result of Defendant's false, deceptive, and misleading conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3) of the FDCPA.

22. Defendant is a "debt collector" as defined by § 1692a (6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

24. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

    a.  **Violations of FDCPA § 1692d *et seq.*, and 12 C.F.R. § 1006.14 *et seq.***

25. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

26. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides

guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they do not call a consumer more than 7 times over 7 consecutive days, or if they wait 7 days after communicating with a consumer before attempting another communication. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." An example of facts rebutting the presumptive compliance would be a prior indication "that the person did not owe the particular debt."

27. Defendant violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. § 1006.14(b), through its placement of phone calls to Plaintiff's cellular phone following the prior communications between the parties. Plaintiff plainly informed Defendant that it was calling the wrong person and trying to collect the subject consumer debt from the wrong person. Despite the nature of these prior communications, Defendant nevertheless continued placing phone calls seeking collection of the subject consumer debt. Such conduct is blatantly prohibited by Regulation F, which underscores Defendant's violations of those regulations, as well as the corresponding portions of the FDCPA. The regulations clarify that consumers who have informed debt collectors that they do not owe the debt, yet nevertheless receive further calls, may state claims for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

28. Defendant further violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b), by continuing to collect a debt from Plaintiff that he did not owe. Plaintiff informed

Defendant that the subject consumer debt was not his and yet Defendant still attempted to collect the subject consumer debt from Plaintiff.

### b. Violations of 15 U.S.C § 1692e

29. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . ." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

31. Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) through its misleading and deceptive attempts to collect a debt from Plaintiff which he does not owe. Defendant was made aware that Plaintiff was not the intended target of its collection efforts, yet Defendant persisted in its efforts to collect the subject consumer debt from Plaintiff. Defendant's efforts in the face of the information provided by Plaintiff illustrates the extent to which Defendant's collection efforts were designed to deceptively compel Plaintiff's payment on a debt which he did not owe.

32. Defendant further violated §§ 1692e and 1692e(10) when it deceptively informed Plaintiff that it would cease calling Plaintiff and remove his number from their system. Despite such representations, Defendant continued to call Plaintiff, and further, such calls evince that Defendant did not remove Plaintiff's phone number from its system.

### c. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated § 1692f when it unfairly and unconscionably sought payment from Plaintiff after being informed that they were seeking payment from the wrong person.

WHEREFORE, Plaintiff, JORDAN M. CORRIGAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

35. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. Defendant is a "debt collector" and/or a "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6) and 392.001(7).

38. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

   a. **Violations of TDCA § 392.302**

39. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

40. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone after he notified it that they were seeking to collect upon the subject consumer debt from the wrong person. Claims under the TDCA are treated similarly as claims under the FDCPA, and as discussed above, Defendant's conduct and phone calls present the type of conduct deemed to violate the FDCPA's prohibitions on harassing and oppressive conduct.

### b. Violations of TDCA § 392.304

41. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

42. Defendant violated the above-referenced portion of the TDCA by deceptively seeking payment from Plaintiff despite being informed that the subject consumer debt was not his.

43. Further, Defendant violated the above-referenced portion of the TDCA by promising to remove Plaintiff's phone number from its system and that it would not call him anymore, yet it did not remove his number and continued to call Plaintiff.

WHEREFORE, Plaintiff, JORDAN M. CORRIGAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

  b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

  c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

  d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 23, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　s/ Nathan C. Volheim
　　　　　　　　　　　　　　　　　　　　　　Nathan C. Volheim, Esq. #6302103
　　　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　Admitted in the Eastern District of Texas
　　　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.
　　　　　　　　　　　　　　　　　　　　　　2500 South Highland Ave., Suite 200
　　　　　　　　　　　　　　　　　　　　　　Lombard, Illinois 60148
　　　　　　　　　　　　　　　　　　　　　　(630) 568-3056 (phone)
　　　　　　　　　　　　　　　　　　　　　　(630) 575-8188 (fax)
　　　　　　　　　　　　　　　　　　　　　　nvolheim@sulaimanlaw.com